UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TERRANCE HOFUS,<br><br>    Defendant. | 3:08-cr-0022-LRH-VPC<br><br>ORDER |

Before the court is defendant Terrance Hofus's ("Hofus") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #106.

**I.   Facts and Procedural History**

On March 26, 2008, Hofus was indicted on a single charge of attempted coercion and enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Doc. #10. Hofus proceeded to trial and was convicted by a jury on September 29, 2008. Doc. #64. Hofus was subsequently sentenced to one hundred thirty (130) months incarceration. Doc. ##75, 76.

Hofus appealed his sentence and the Ninth Circuit affirmed both his conviction and sentence. Doc. #101. Hofus then petitioned the United States Supreme Court for a writ of certiorari, but was denied. Doc. #105. Thereafter, Hofus filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #106.

///

**II.  Discussion**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

In his motion for relief under § 2255, Hofus argues that his counsel was constitutionally ineffective because (1) his counsel failed to make a Rule 29 motion challenging the sufficiency of the evidence; and (2) his counsel failed to present an entrapment defense. *See* Doc. #106.

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at 1348 (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

**1. Rule 29 Motion**

In his motion, Hofus contends that his counsel was ineffective because counsel failed to challenge the sufficiency of the evidence as it related to his knowledge that the victims were

underage. *See* Doc. #106. However, following the close of the government's case, counsel made a Rule 29 motion challenging the sufficiency of the evidence, including Hofus's knowledge that the victims were minors. Because counsel made a Rule 29 motion, the court finds that Hofus's ineffective assistance of counsel claim is without merit.

**2. Entrapment Defense**

"The defense of entrapment has two elements: (1) the defendant was induced to commit the crime by a government agent, and (2) he was not otherwise predisposed to commit the crime." *United States v. Barry*, 814 F.2d 1400, 1401 (9th Cir. 1987). Here, the evidence at trial clearly established that Hofus was in contact with the minor victims and engaged in sexual communication with those minor victims for over two weeks before the government became involved. As such, there was no basis to support an entrapment defense because Hofus was already engaged in the criminal activity prior to the government's involvement and could not have been "induced to commit the crime by a government agent." *Id.* Thus, the court finds that Hofus's counsel was not ineffective for failing to raise an entrapment defense that had no merit. Accordingly, the court shall deny Hofus's motion to vacate, set aside, or correct sentence as to this issue.

IT IS THEREFORE ORDERED that defendant's motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. #106) is DENIED.

IT IS SO ORDERED.

DATED this 17th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE